# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  56306-1-II |
| Respondent, | |
| v. | |
| BRYAN MATTHEW HALLMEYER, | UNPUBLISHED OPINION |
| Appellant. | |

PRICE, J. — Bryan M. Hallmeyer appeals the superior court's order following his *Blake*[1] resentencing hearing.  Hallmeyer challenges only legal financial obligations (LFOs) that he did not ask the superior court to modify at his resentencing.  Although Hallmeyer's challenge to the LFOs is unpreserved, we exercise our discretion to review the LFOs.  Accordingly, we reverse the superior court's order in part and remand for further proceedings consistent with this opinion.

## FACTS

In June 2017, Hallmeyer was sentenced on one count of unlawful possession of a controlled substance with intent to deliver with two firearm enhancements and two counts of second degree unlawful possession of a firearm following a guilty plea.  Hallmeyer had an offender score of five points based on his criminal history, which included two prior convictions for unlawful possession of a controlled substance.  Although Hallmeyer's standard sentencing range was 68-100 months, the trial court imposed a sentence of 48 months so that the 72 months of mandatory sentencing enhancements did not exceed the statutory maximum for the unlawful possession of a controlled

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

substance with intent to deliver. The sentencing court imposed 120 months total confinement. The sentencing court also imposed the following LFOs: $500 crime victim assessment, $100 DNA collection fee, and $200 criminal filing fee.

In April 2021, Hallmeyer filed a motion regarding his judgment and sentence. Based on *Blake*, Hallmeyer requested that his prior convictions for unlawful possession of a controlled substance be removed from the calculation of his offender score and he be resentenced with an offender score of three instead of five.

At the hearing on Hallmeyer's motion, Hallmeyer stated that he was having a hard time understanding what was going to happen at the hearing because he expected to get some sentencing relief. The State explained that even with the reduction in Hallmeyer's offender score, his standard range on the unlawful possession of a controlled substance with the intent to deliver remained the same. Further, the State pointed out that because he already received a sentence below the standard sentencing range in order to avoid going above the statutory maximum with the sentencing enhancements, the superior court should impose the same sentence. Hallmeyer's defense counsel agreed with the State's explanation and requested that the superior court correct the sentences on the two second degree unlawful possession of a firearm offenses despite the fact that Hallmeyer would not receive any actual sentencing benefit from the change.

The superior court entered an order modifying Hallmeyer's judgment and sentence, changing his offender score from five to three. The order also imposed a new sentence on the two counts of second degree unlawful possession of a firearm, nine months on each count to be served concurrently with his sentence for unlawful possession of a controlled substance with intent to deliver. Hallmeyer's total confinement of 120 months did not change. The order stated that "all

other terms and conditions of the original Judgment and Sentence dated June 15, 2017, shall remain in full force and effect as if set forth in full herein." Clerk's Papers at 39.

Hallmeyer appeals.

ANALYSIS

Hallmeyer argues that the superior court erred in failing to strike the $200 criminal filing fee and $100 DNA collection fee because those LFOs are no longer authorized under current law. The State responds that this appeal should be dismissed because Hallmeyer did not request relief from LFOs and the order being appealed does not address LFOs.

Under RAP 2.4(a), we review only the decision or parts of the decision designated in the notice of appeal. The order on appeal ordered that all other provisions of the 2017 judgment and sentence remain unchanged, effectively reimposing the original LFOs. Accordingly, we consider LFOs as part of the decision being appealed.

Under RAP 2.5(a), we "may refuse to review any claim of error which was not raised in the trial court." The language in RAP 2.5(a) gives us discretion on whether or not to address an error that was not raised at the superior court. Although Hallmeyer did not raise the issue regarding LFOs at the superior court, we exercise our discretion and address the issue of LFOs.

Under the current law, the $200 criminal filing fee and $100 DNA fee should not have been imposed at Hallmeyer's resentencing. RCW 10.01.160(3); RCW 36.18.020(2)(h); RCW 43.43.7541. Therefore, we reverse the portion of the superior court's order refusing to modify all other provisions of the 2017 judgment and sentence and remand for the superior court to strike the LFOs that are improper under the current law.

No. 56306-1-II

We reverse in part and remand for further proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

WORSWICK, J.

4